IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D.S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D.K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS,,<br><br>Plaintiffs,<br>v.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER [15] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS.**<br><br>Case No. 2-13-cv-00768-DN<br><br>District Judge David Nuffer |

Defendants West Valley City ("WVC"), former Police Chief Thayle Nielsen ("Police Chief Nielsen"), and Sean McCarthy ("McCarthy") move[1] to dismiss Plaintiffs' state law claims—the third, fourth, and fifth causes of action[2]—under the Governmental Immunity Act of Utah ("GIAU")[3] and based upon Plaintiffs' failure to state a claim upon which relief can be granted. In response, Plaintiffs contend that they have alleged sufficient facts to withstand the motion to dismiss. Alternatively, Plaintiffs ask for permission to amend if their allegations are deficient.[4] After carefully reviewing the parties' filings and relevant legal and statutory authorities, Defendants' Motion is GRANTED in part and DENIED in part for the reasons set forth below.

---

[1] Defendants West Valley City, Thayle "Buzz" Nielsen and Sean McCarthy's Motion to Dismiss Plaintiffs' Third, Fourth and Fifth Causes of Action pursuant to FRCP 12(b)(6) ("Motion"), docket no. 15, filed November 13, 2013.

[2] Complaint for Damages (Violation of Civil Rights) ("Complaint"), docket no. 1, filed August 14, 2013.

[3] *See* Utah Code Ann. § 63G-7-101 *et al*.

[4] Plaintiffs' Opposition to Defendants West Valley City, Thayle "Buzz" Nielsen and Sean McCarthy's motion to Dismiss Plaintiffs' Third, Fourth, and Fifth Causes of Action at 4 ("Opposition"), docket no. 23, filed December 16, 2013.

## BACKGROUND[5]

Plaintiffs allege that on August 15, 2012, West Valley police officers Shaun Cowley, Kevin Salmon, McCarthy, and other defendant officers (collectively "Officers") illegally detained Plaintiffs Danielle Swasey ("Swasey"); her infant daughter "D.S."; Dante Ketchens ("Ketchens"); and his juvenile son "D.K." in their home, while illegally searching the home.[6] The Officers handcuffed Swasey and Ketchens for more than eight hours.[7] Swasey was unable to take care of her infant daughter during this time.[8] While in Plaintiffs' home, the Officers ate pizza, played video games and mocked Swasey and the children.[9] After searching the home, the Officers forged Ketchens's signature on a consent to search form in order to obtain a search warrant for the home.[10] Ketchens was arrested after officers allegedly found illegal drugs in the home during the search.[11] He was released 72 hours later.[12]

## STANDARD OF REVIEW

To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain enough factual allegations 'to state a claim to relief that is plausible on its face.'"[13] To state a plausible claim, "the Plaintiff has the burden to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[14] "Factual allegations must be enough to raise a right

---

[5] The following facts are taken from the Complaint.

[6] Complaint at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[14] *VanZandt v. Oklahoma Dept. of Human Services,* 276 F. App'x 843, 846 (10th Cir. 2008) (quoting *Robbins,* 519 F.3d at 1247.)

to relief above the speculative level."[15] And although all well-pleaded facts in the complaint are presumed true, conclusory allegations will not be considered.[16] Conclusory allegations are allegations that "do not allege the factual basis" for the claim.[17] The court is not bound by a complaint's legal conclusions couched as facts.[18]

## DISCUSSION

WVC, Nielsen, and McCarthy contend that the GIAU immunizes them from Plaintiffs' third, fourth and fifth claims of unlawful arrest, unlawful imprisonment, and intentional infliction of emotional distress.[19] Subject to certain waivers, the GIAU provides that "each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function."[20] Certain provisions of the GAIU provide waivers to immunity that apply to governmental entities, while other provisions contain waivers that only apply to governmental employees.

*West Valley City*

The Utah Supreme Court has established a three-part test to determine whether a governmental entity is immune under the GIAU: "(1) whether the activity undertaken is a governmental function; (2) whether governmental immunity was waived for the particular activity; and (3) whether there is an exception to that waiver."[21]

The first prong is not at issue as to West Valley City. "Governmental function" is defined broadly as "each activity, undertaking, or operation of a governmental entity" or of "a

---

[15] *Twombly,* 550 U.S. at 555.

[16] *See Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied,* 549 U.S. 1209 (2007).

[17] *Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995).

[18] *See Twombly,* 550 U.S. at 555.

[19] Motion at 2–3.

[20] *See* Utah Code Ann. § 63G–7–201(1).

[21] *Glaittli v. State*, 294 P.3d 626, 628 (Utah Ct. App. 2013) *rev's on other grounds* 332 P.3d 953 (Utah, 2014) (quoting *Blackner v. State Dep't of Transp.*, 48 P.3d 949, 951 (Utah 2002)).

department, agency, employee, agent, or officer of a governmental entity."[22] Given the broad definition, the alleged actions or omission—of the West Valley Police Officers and of Police Chief Nielsen—fall within the definition of governmental function.

The claims fail against West Valley City, however, under the second prong, because there is no waiver of immunity. The GIAU allows claims against a governmental entity "as to any injury proximately caused by a *negligent* act or omission of an employee committed within the scope of employment."[23] This waiver of immunity is only for negligent, not intentional, torts. Plaintiffs' third, fourth, and fifth claims allege intentional misconduct, for which WVC remains immune.[24] Moreover, even if Plaintiffs were to allege a negligence claim, there is an exception to the "negligent act or omission" waiver when the alleged "injury arises out of, in connection with, or results from . . . false imprisonment, false arrest, . . . infliction of mental anguish, . . . violation of civil rights[,] . . . [or] the incarceration . . . in any . . . jail, or other place of legal confinement[.]"[25] Because Plaintiffs allege false imprisonment, false arrest, and intentional infliction of emotional distress, these claims fall under the GIAU's exception to the waiver of governmental immunity.

### *Police Chief Nielsen*

Plaintiffs allege that Police Chief Nielsen was negligent in the training and supervision of the police officers under his command, and that his negligence led to the police officers committing the intentional torts.[26] Plaintiffs' argument is unavailing. Because Police Chief Nielson is an employee, not a governmental entity, his immunity is waived only when it is shown

---

[22] Utah Code Ann. § 63G–7–102(4)(a), (b).

[23] Utah Code Ann. § 63G-7-301(4) (emphasis added).

[24] Opposition at 2 ("Plaintiffs' Complaint specifically alleges that Defendants conduct was *not* negligent, but rather 'wrongful . . . willful, oppressive, fraudulent, and malicious.'").

[25] Utah Code Ann. § 63G-7-301(5)(b).

[26] Complaint 8–11.

4

that he "acted or failed to act through fraud or willful misconduct." [27] Section 63G-7-202(3)(c) is clear on this issue: "A plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee . . . whose act or omission gave rise to the claim, unless . . . the employee acted or failed to act through fraud or willful misconduct[.]"[28] Willful misconduct is "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury."[29]  Here, Plaintiffs' state law claims against Police Chief Nielsen are focused on allegations of negligent training and supervision. There are no allegations that Police Chief Nielson engaged in willful misconduct. Notably, Plaintiffs, in their Opposition, make no attempt to show that their Complaint alleges a set of facts to support their third, fourth and fifth claims against Police Chief Nielson. Because the GIAU does not waive immunity for governmental employees for acts of negligence, Police Chief Nielson is immune against actions for his training and supervision decisions.

### *McCarthy*

Defendants argue that the Complaint fails to plead sufficient facts to suggest that McCarthy acted fraudulently or willfully. Willful misconduct is "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury."[30]

---

[27] *See* Utah Code Ann. § 63G-7-202(3)(c)(i).

[28] *Id.*

[29] Utah Code Ann. § 63G-7-102(10).

[30] Utah Code Ann. § 63G-7-102(10).

"'The Federal Rules of Civil Procedures do not require a claimant to set out in detail the facts upon which he bases his claim.'"[31] Instead, the rules simply require a "short and plain statement of the claim" that gives defendant fair notice of plaintiff's claim and the grounds on which it rests.[32] Here, Plaintiffs' claims are sufficiently alleged to allow a reasonable inference that McCarthy engaged in willful misconduct. McCarthy's alleged participation in or failure to stop the eight-hour detention, illegal search, forgery, and harassment rise to the level of willful misconduct for which immunity from liability is waived.

### *Request to Amend*

Plaintiffs request an opportunity to amend their Complaint if "the Court is not satisfied that Plaintiffs have pled their claims sufficiently to avoid being barred by the UGIA[.]"[33]

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure.[34] "Except when an amendment is pleaded 'as a matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[35] The "purpose of the [r]ule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties,"[36] and courts should "freely give leave when justice so requires."[37] Given this purpose, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or

---

[31] *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168 (1993) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

[32] Fed.R.Civ.P. 8(a).

[33] Opposition at 4.

[34] *See* Fed.R.Civ.P. 15.

[35] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed.R.Civ.P. 15(a)(2)).

[36] *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted).

[37] Fed.R.Civ.P. 15(a)(2).

futility of amendment."[38] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[39] Whether to grant leave to amend pursuant to Rule 15(a) is within this court's wide discretion.[40]

Plaintiffs' request to amend their Complaint regarding their allegations of unlawful arrest, unlawful imprisonment, and intentional infliction of emotional distress against WVC is futile because whether based on intentional misconduct or negligence, WVC remains immune from Plaintiffs' third, fourth and fifth claims.

Plaintiffs are granted leave to amend their Complaint in the event they can in good faith allege willful misconduct on the part of Police Chief Nielsen.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion[41] to dismiss is GRANTED as to WVC and Police Chief Nielsen, and DENIED as to McCarthy. Plaintiffs' request to amend their Complaint is DENIED as to WVC, but GRANTED as to Police Chief Nielsen. Plaintiffs' may file an amended complaint within 21 days from the date of this Order as to their state law claims against Police Chief Nielsen.

Dated February 5, 2015.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[38] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[39] Jefferson County Sch. Dist. v. Moody's Investor's Services, 175 F.3d 848, 859 (10th Cir.1999).

[40] *See Minter*, 451 F.3d at 1204 (citations omitted).

[41] Docket no. 15.