IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D.S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS; D.K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS,<br><br>Plaintiffs,<br><br>v.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [19] & [20] MOTIONS FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Case No. 2:13-cv-00768-DN<br><br>District Judge David Nuffer |

## INTRODUCTION

Defendant Shaun Cowley ("Cowley") filed this motion for judgment on the pleadings[1] ("Motion") on the third, fourth, and fifth claims in Plaintiffs' Complaint.[2] Defendant Kevin Salmon ("Salmon") moved to join Cowley's Motion.[3] For the reasons set forth below, both motions are DENIED.

## BACKGROUND[4]

Plaintiffs allege that on August 5, 2012, Cowley, Salmon, and other officer defendants (collectively, "Officers") illegally detained Plaintiffs Danielle Swasey ("Swasey"); her infant

---

[1] Defendant Shaun Cowley's Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiff's Third, Fourth and Fifth Causes of Action ("Motion"), docket no. 19, filed November 19, 2013.

[2] Complaint for Damages (Violation of Civil Rights) ("Complaint"), docket no. 1, filed Aug. 14, 2013.

[3] Defendant Kevin Salmon's Motion for Judgment on the Pleadings Joining Co-Defendant Shaun Cowley's Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiffs' Third, Fourth and Fifth Causes of Action, docket no. 20, filed November 27, 2013.

[4] The following facts are taken from the Complaint.

daughter "D.S."; Dante Ketchens ("Ketchens"); and his juvenile son "D.K." in their home, while illegally searching their home.[5] The Officers handcuffed Swasey and Ketchens for more than eight hours.[6] Swasey was unable to take care of her infant daughter during this time.[7] Plaintiffs allege that while in the home, the Officers ate pizza, played video games and mocked Swasey and the children.[8] After searching the home, the Officers forged Ketchens's signature on a consent to search form in order to obtain a search warrant for the home.[9] Ketchens was arrested after officers allegedly found illegal drugs in the home during the search.[10] He was released 72 hours later.[11]

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[12] The factual details supporting a claim must be great enough to make the claim plausible, rather than merely possible; i.e., "enough to raise a right to relief above the speculative level. . . ."[13] It must be reasonable for a court to draw the inference that the defendant is liable, based on the facts stated.[14] Recitations of elements of a claim and conclusory statements lack

---

[5] Complaint at 2.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *See, e.g.*, *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(b)(6).

[13] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

[14] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

sufficient detail, and cannot trigger a court's assumption that all of the statements made in the pleading are true.[15]

## DISCUSSION

Cowley and Salmon argue that the Governmental Immunity Act of Utah ("GIAU") immunizes them from Plaintiffs' third, fourth, and fifth claims of unlawful arrest, unlawful imprisonment, and intentional infliction of emotional distress.[16] They state that Utah Code Ann. section 63G-7-301(5) "excludes all claims against any government agency or employee if the asserted injury 'arises out of, in connection with, or results from,' among other things, 'false imprisonment, false arrest, . . ., infliction of mental anguish, or violation of civil rights' or 'the incarceration of any person in any state prison, county or city jail, or other place of legal confinement.'"[17]

Section 63G-7-301(5), however, protects only governmental entities, and not employees, from liability for, among other things, false imprisonment, false arrest, infliction of mental anguish, and violation of civil rights. This section states: "Immunity from suit of each *governmental entity* is not waived . . . ."[18] As government *employees*, Cowley and Salmon are not shielded from liability by section 63G-7-301(5) of the GIAU.

Generally, the GIAU shields government employees from liability for injuries that arise from the exercise of official duties.[19] However, the GIAU waives this general immunity for an employee when the employee's act or omission constitutes willful misconduct.[20] Section 63G-7-

---

[15] *Id*.

[16] Complaint 8–11.

[17] Motion 3 (*quoting* Utah Code Ann. § 63G-7-301(5)(b), (j)).

[18] Utah Code Ann. § 63G-7-301(5) (emphasis added).

[19] *See* Utah Code Ann. § 63G-7-201(1).

[20] *See* Utah Code Ann. § 63G-7-202(3)(c)(i).

202(3)(c) is clear: "A plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee . . . whose act or omission gave rise to the claim, unless . . . the employee acted or failed to act through fraud or willful misconduct[.]"[21] Willful misconduct is "the intentional doing of a wrongful act, or the wrongful failure to act, without just cause or excuse, where the actor is aware that the actor's conduct will probably result in injury."[22]

Plaintiffs' claims are sufficiently alleged, at this stage, to allow a reasonable inference that Cowley and Salmon engaged in willful misconduct. Cowley's and Salmon's alleged participation in or failure to stop the eight-hour detention, illegal search, forgery, and harassment rise to the level of willful misconduct for which immunity from liability is waived.

## CONCLUSION

IT IS HEREBY ORDERED that both motions[23] are DENIED.

Dated February 5, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[21] *Id.*

[22] Utah Code Ann. § 63G-7-102(10).

[23] Docket no. 19, filed November 19, 2013 and docket no. 20, filed November 27, 2013.