IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D.S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D.K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>WEST VALLEY CITY, SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br>　　　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER [21] GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br><br>Case No. 2:13-cv-00768-DN<br><br>District Judge David Nuffer |

## INTRODUCTION

Defendant John Coyle ("Coyle") filed this motion[1] for judgment on the pleadings ("Motion") on Plaintiffs' second, third, fourth, and fifth claims for relief.[2] For the reasons stated below, Coyle's Motion is GRANTED.

## BACKGROUND[3]

Plaintiffs allege that on August 5, 2012, West Valley City police officer Coyle, along with several other officers (collectively, "Officers"), illegally detained Plaintiffs Danielle Swasey ("Swasey"); her infant daughter "D.S."; Dante Ketchens ("Ketchens"); and his juvenile son "D.K." in their home, while illegally searching their home.[4] The Officers handcuffed Swasey

---

[1] Defendant John Coyle's Motion for Judgment on the Pleadings on Plaintiffs' Second, Third, Fourth, and Fifth Causes of Action and Memorandum in Support Thereof ("Motion"), docket no. 21, filed December 10, 2013.

[2] Complaint for Damages (Violation of Civil Rights) ("Complaint"), docket no. 1, filed August 14, 2013.

[3] The following facts are taken from the Complaint.

[4] Complaint at 2.

and Ketchens for more than eight hours.[5] Swasey was unable to take care of her infant daughter during this time.[6] Plaintiffs allege that while in the home, the Officers ate pizza, played video games and mocked Swasey and the children.[7] After searching the home, the Officers forged Ketchens's signature on a consent to search form in order to obtain a search warrant for the home.[8] Ketchens was arrested after officers allegedly found illegal drugs in the home during the search.[9] He was released 72 hours later.[10]

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is evaluated by the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim.[11] The factual details supporting a claim must be great enough to make the claim plausible, rather than merely possible; i.e., "enough to raise a right to relief above the speculative level. . . ."[12] It must be reasonable for a court to draw the inference that the defendant is liable, based on the facts stated.[13] Recitations of elements of a claim and conclusory statements lack sufficient detail, and cannot trigger a court's assumption that all of the statements made in the pleading are true.[14]

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *See, e.g.*, *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013); Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 12(b)(6).

[12] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).

[13] *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[14] *Id.*

## DISCUSSION

### I.  PLAINTIFFS' SECOND CAUSE OF ACTION AGAINST COYLE

A plaintiff cannot make a 42 U.S.C. § 1983 claims against both a municipality and a government employee in his official capacity.[15] A suit against a government employee in his official capacity is treated as a suit against the municipality he serves.[16] Therefore, when a plaintiff names a municipality and a municipal employee in his official capacity, the claim against the employee in the official capacity should be dismissed.[17]

While their Complaint is not specific, Plaintiffs explicitly state in their opposition memorandum that, in their second cause of action for relief, Coyle is sued in his official capacity.[18] Because West Valley City is also named as a defendant in the second cause of action, the claim against Coyle in his official capacity is duplicative, and is therefore dismissed.

### II.  PLAINTIFFS' STATE LAW CLAIMS

Coyle contends that Plaintiffs' state law claims should be dismissed because Plaintiffs have failed to file the required $300.00 undertaking when they filed their Complaint.[19] In response, Plaintiffs argue that a failure to file an undertaking is an affirmative defense that cannot be raised in a Rule 12(c) motion.

---

[15] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[16] *Id.*

[17] *See, e.g.*, *Kontgis v. Salt Lake City Corp.*, No. 2:11CV1078 DAK, 2012 WL 4343866, at *6 (D. Utah Sept. 21, 2012) (dismissing claims against defendants in their official capacities, because these duplicated claims against the municipal employer).

[18] *See* Plaintiffs' Opposition to Defendant John Coyle's Motion for Judgment on the Pleadings Seeking Dismissal of Plaintiffs' Second, Third, Fourth and Fifth Causes of Action at 9, docket no. 26, filed January 7, 2014 (stating "Plaintiffs' Second Cause of Action sues Defendant in his official capacity.").

[19] Utah Code Ann. § 63G-7-601(2).

A court may address an affirmative defense in a motion for judgment on the pleadings, as long as no new information is necessary for the analysis.[20] This is an exception to the general rule barring affirmative defenses raised in motions.[21] Here, analysis of the failure to file an undertaking does not require additional information. To establish whether Plaintiffs failed to file an undertaking, the court need only look into its own docket. Therefore, failure to file an undertaking is appropriately considered at this stage.

A plaintiff, pursuant to the Governmental Immunity Act of Utah ("GIAU"), must file an undertaking of at least $300 at the time of filing a claim.[22] The Tenth Circuit strictly construes this rule:

> The undertaking must be filed, or handed to the clerk for filing, before the complaint is filed. . . . [W]e think the legislature intended to make the requirement so positive and unequivocal as to require the court to dismiss the suit if the bond was not filed at least contemporaneously with the complaint *if motion to dismiss was timely made.* [23]

Utah courts may not allow a plaintiff to submit the undertaking after filing the complaint.[24] A court should instead dismiss the claim without prejudice.[25]

Plaintiffs did not file an undertaking in this case, accordingly, their third, fourth, and fifth causes of action are dismissed without prejudice.

---

[20] *Lee v. Rocky Mountain UFCW Unions & Emp'rs Trust Pension Plan*, 13 F.3d 405, 1993 WL 482951, at *1 (10th Cir.1993) (unpublished table decision) (quoting *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir.1965)).

[21] Raising Affirmative Defenses by Motion, 5 Fed. Prac. & Proc. Civ. § 1277 (3d ed.)

[22] *See* Utah Code Ann. § 63G-7-601(2).

[23] *Rippstein v. City of Provo*, 929 F.2d 576, 577 (10th Cir. 1991) (quoting *Kiesel v. District Court of the Sixth Judicial District*, 84 P.2d 782, 784 (Utah 1938)).

[24] *Id.* at 578.

[25] *Id.* (citing *Hansen v. Salt Lake County*, 794 P.2d 838, 840 (Utah 1990)).

**CONCLUSION**

IT IS HEREBY ORDERED that Coyle's motion[26] for judgment on the pleadings is GRANTED. Plaintiffs' second cause of action against Coyle is dismissed with prejudice. Plaintiffs' state law claims against Coyle are dismissed without prejudice. Plaintiffs have twenty-one (21) days from the date of this Order to file an amended complaint and pay the required undertaking.

Dated February 5, 2015.

BY THE COURT:

David Nuffer
United States District Judge

---

[26] Defendant John Coyle's Motion for Judgment on the Pleadings on Plaintiffs' Second, Third, Fourth, and Fifth Causes of Action and Memorandum in Support Thereof ("Motion"), docket no. 21, filed December 10, 2013.