IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D. S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D. K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS,<br><br>                    Plaintiffs,<br>v.<br><br>WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE CERTAIN STATEMENTS<br><br>Case No. 2:13-CV-768 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Before the court is Defendant West Valley City's Motion to Strike Immaterial, Impertinent and Scandalous Statements from Plaintiffs' First Amended Complaint.[1] Defendant filed the motion March 31, 2015 and as of the date of this decision no opposition has been filed by Plaintiffs and the time to do so has long since passed.[2] As set forth below and for good cause shown the court GRANTS the motion to strike.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[3] Defendant alleges that the suicide of Officer Michael Valdes is entirely unrelated to Plaintiffs' claims that the

---

[1] Docket no. 49.

[2] *See* DUCivR 7-1 (2014).

[3] Fed. R. Civ. P. 12(f).

Defendants violated their civil rights.  In paragraph 12 of the first amended complaint Plaintiffs state the following:

> Following these unlawful events, the aforementioned FBI investigation uncovered the NNU's unlawful policies and customs at issue in this case and the NNU was disbanded.  Two supervisors and at least five other officers were placed on administrative leave.  Another West Valley City Police Department officer, Michael Valdes, was discovered in Wyoming, dead from what appeared to be a self-inflicted gunshot wound, and Chief Nielsen has since retired.[4]

Defendant asserts that Officer Valdes is not a member of the NNU and was not involved in the investigation of neither that unit nor the cases dismissed by prosecutorial agencies.  There is nothing in the record to dispute these arguments.

After reviewing the record, the court agrees that Officer Valdes' suicide is immaterial to Plaintiffs' claims and further finds that the nature of this assertion appears misleading and is "scandalous" within the meaning of the rule 12(f).  A scandalouse matter is one that "'is both grossly disgraceful (or defamatory) and irrelevant to the action of defense.'"[5]

Accordingly, for good cause shown and on account of no opposition being filed to the motion, the court GRANTS the motion to strike.  The references to Officer Valdes which appear in paragraph 12 are stricken from the Complaint.[6]

DATED this 16 June 2015.

Brooke C. Wells
United States Magistrate Judge

---

[4] Amended Complaint ¶12, docket no. 44.

[5] *Hogan v. Utah Telecomm. Open Infrastructure Agency,* 2011 WL 4963021 *11 (D. Utah Oct 18, 2011) (quoting Black's Law Dictionary).

[6] The undersigned finds this matter fits squarely within the referral in this case because it pertains to a nondispositive pretrial matter.  *See* docket no. 54.  The remainder of the Complaint will proceed toward resolution.