IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY, et al., <br><br> Plaintiffs, <br> v. <br><br> WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN McCARTHY; JOHN COYLE; THALE "BUZZ" NIELSON, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DIRECTING THE FILING OF A PRIVILEGE LOG AND TAKING THE MOTIONS UNDER ADVISEMENT <br><br> Case No. 2:13-cv-768 DN <br><br> District Judge David Nuffer <br><br> Magistrate Judge Brooke Wells |

Before the court are two motions to quash a subpoena to produce documents, information and objects, or to permit inspection served by Defendant West Valley City upon Lindsay Jarvis.[1] As set forth below, the court takes these motions under advisement and orders Ms. Jarvis to file a privilege log within ten (10) days from the date of this order. Following the filing of a privilege log the parties are ordered to meet and confer regarding the requested documents and inform the court of the status of the requested documents.

Defendant West Valley City served a subpoena on Ms. Jarvis, a former West Valley City prosecutor, that seeks "all documents in Ms. Jarvis's possession that (1) relate to defendant John Coyle; (2) relate to any defendants1 in this action, (3) relate to this lawsuit, including but not limited to alleged corruption within West Valley City and misconduct by West Valley City designed to insulate Defendant John Coyle."[2] Defendant notes that the instructions included with the subpoena explicitly state that "[t]he document requests below should be read to exclude

---

[1] Docket nos. 69 and 71.

[2] Op. p. iii, docket no. 72.

attorney-client privileged or work product-protected documents."[3] West Valley City seeks this information based upon Plaintiffs Rule 26 Disclosures which state:

> Ms. Jarvis is a former West Valley City prosecutor, and she has information regarding the widespread corruption within West Valley City. Specifically, Ms. Jarvis has information regarding the pervasive misconduct by West Valley City designed to improperly and tactically insulate Defendant John Coyle from his failure to supervise West Valley City police officers.[4]

In response to the subpoena Ms. Jarvis moves the court to quash the subpoena arguing that it is defective because (1) it requests material protected by the attorney-client privilege; (2) it requests material that is protected by the attorney work product doctrine; and (3) the requests are over broad, unduly burdensome and harassing.[5]

Shaun Cowley also moves to quash the subpoena served upon Ms. Jarvis because it seeks all documents related to him and to any other Defendants named in this action. Mr. Cowley asserts the same arguments concerning attorney-client privilege and the work product doctrine. Ms. Jarvis represented Mr. Cowley in both his criminal case and his administrative employment action.

"The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it."[6] "The party must bear the burden as to specific questions or documents, not by making a blanket claim."[7] The privilege "must be strictly constructed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all

---

[3] *Id*.

[4] *Id.* at p. ii.

[5] Mtn. p. 1.

[6] *In re Grand Jury Subpoena,* 697 F.2d 277, 279 (10th Cir. 1983)

[7] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

rational means for ascertaining truth.'"[8]  Further Federal Rule 45(e)(2)(A) provides that a person withholding information based on a claim of privilege or work product must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."[9]

Both Ms. Jarvis and Mr. Cowley have completely failed to meet their burden.  Neither of them submitted a privilege log that describes the nature of the withheld information.  Rather, they both simply make broad arguments regarding the privileges.  A blanket claim of privilege does not suffice.  As such it would be proper in this instance to simply deny both motions.  In an effort, however, to help the parties more fully cooperate with each other and resolve their differences the court orders as follows:

Ms. Jarvis is **HEREBY ORDERED** to submit to the court and Defendants within ten (10) days from the date of this order, a detailed privilege log of all information, documents, objects, etc. that are allegedly protected by any privilege.

**IT IS FURTHER ORDERED** that Mr. Cowley is to also submit a privilege log within ten (10) days from the date of this order outlining in detail all information, documents, objects, etc. that are allegedly protected by any privilege.

Following the production of the privilege logs the parties are **HEREBY ORDERED** to meet and confer with each other regarding the documents and information at issue in the subpoena.  The parties are then to file with the court a memorandum outlining their efforts to resolve the underlying motions.  At such time the court will further consider the production of the requested documents and accordingly takes the two motions under advisement.

---

[8] *Trammel v. United States*, 445 U.S. 40, 50 (1980) (quoting *Elkins v. United States*, 364 U.S. 206, 234 (1960)).
[9] Fed. R. Civ. P. 45(e)(2)(A).

IT IS SO ORDERED.

DATED this 10 November 2015.

_____
Brooke C. Wells
United States Magistrate Judge