IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASE, et al.,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>WEST VALLEY CITY, et al.,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION SEEKING AWARD OF COSTS<br><br>Case No. 2:13-cv-768 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Lindsay Jarvis, a third party in this action, seeks costs associated with a subpoena served upon her by Defendants West Valley City, Sean McCarthy and Thayle Nielson.[1] The subpoena seeks "all documents in Ms. Jarvis's possession that (1) relate to defendant John Coyle; (2) relate to any defendant in this action; or (3) relate to this lawsuit, including but not limited to alleged corruption within West Valley City and the alleged misconduct by West Valley City designed to insulate Defendant John Coyle."[2] "Ms. Jarvis calculates that she will incur at least $12,500.00 in attorney's fees and costs in responding to the Subpoena."[3] As set forth below the court denies the motion.

In September, Ms. Jarvis along with Defendant Shaun Cowley both filed motions to quash the subpoena.[4] The central arguments in those motions asserted that the requested information was subject to the attorney-client privilege or the work product doctrine. After considering those motions, the court entered an order directing Ms. Jarvis and Mr. Cowley to file

---

[1] Amended Motion Seeking to Award Lindsay Jarvis her Costs, docket no. 82.

[2] 2 Op. p. 2, docket no. 84.

[3] Amended Motion p. 2.

[4] Docket no. 69, docket no. 71.

a privilege log rather than simply assert information was subject to a privilege.[5]  As noted by the court in its decision, the party asserting a privilege bears the burden as to questions regarding its applicability and cannot simply make a blanket claim.[6]  In that order the court, however, did not deny the motions to quash nor compel compliance with the subpoena.  In fact, Defendant West Valley City filed a motion to compel compliance with the subpoena in its opposition.  The court chose not to address that motion.  Rather the court took those matters under advisement pending the production of a privilege log and directed the parties to meet and confer regarding the subpoenaed information after the privilege log was produced.  Ms. Jarvis now seeks costs to produce the privilege log.

In support of her position Ms. Jarvis points to Rule 45(d)(2)(B)(ii) that states, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."[7]  Ms. Jarvis also cites to a decision from the Ninth Circuit *Legal Voice v. Stormans, Inc.*[8] and *Linder v. Calero-Portocarrero*[9] a case cited to by the Ninth Circuit in its decision.  In *Legal Voice* a non-party appealed an order denying costs and sanctions associated with the plaintiff's discovery request.  The non-party objected to the subpoena on various grounds including that the information was protected by the First Amendment, and by the attorney-client privilege.[10]  In the alternative, the non-party asserted that if it were "compelled to produce any documents" that plaintiffs be required to reimburse the costs of compliance based on Federal Rule 45(d)(2)(B)(ii).  The district court ordered the production of

---

[5] Memorandum Decision and Order Directing the Filing of Privilege Log, docket no. 78.

[6] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

[7] Fed. R. Civ. P. 45(d)(2)(B)(ii) (2015).

[8] 738 F.3d 1178 (9th Cir. 2013).

[9] 251 F.3d 178 (D.C.Cir. 2001).

[10] *Id.* at 1181.

documents based on the motion to compel and rejected the non-party's request for costs. The Ninth Circuit found the cost of compliance, $20,000, significant and determined the district court erred in failing to shift costs. That court cited to the "two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)."[11]

The court is not persuaded by these cases or Ms. Jarvis arguments because unlike those cases, the court has yet to rule on the motion to compel or deny the motion to quash. Thus the cost-shifting provisions of Rule 45 are not yet applicable. Instead, as noted by Defendant West Valley City, Rule 45(d)(2)(A) provides that

> A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.[12]

Here, Ms. Jarvis has expressly made the claim of privilege but has failed to "describe the nature of the withheld documents…in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."[13] The court is ordering compliance with this rule by having Ms. Jarvis submit a privilege log. Contrary to Ms. Jarvis' suggestion the court has yet to compel her production with the subpoena. Accordingly the request for costs is DENIED at this time.[14]

---

[11] *Id.* at 1184.

[12] Fed. R. Civ. P. 45(d)(2)(A).

[13] *Id.*

[14] Not only is Ms. Jarvis motion premature, it also fails to address the fact that the subpoena specifically does not call for the production of privileged communications or documents.

ORDER

For those reasons set forth above the Motion Seeking an Award of Costs is DENIED.[15]

The court orders the privilege log to be produced within fourteen (14) days from the date of this order. The parties are then ordered to meet and confer regarding the requested information and any reasons that may prevent its disclosure.

DATED this 30 November 2015.

_____
Brooke C. Wells
United States Magistrate Judge

---

[15] The motion may be renewed in the future if the cost-shifting provisions of Rule 45 become relevant. At that time Ms. Jarvis would need to provide support for her compliance calculation.