IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY, et al.,<br><br>    Plaintiffs,<br>v.<br><br>WEST VALLEY CITY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING ORDER TO SHOW CAUSE AND MOTIONS TO QUASH<br><br>Case No. 2:13-cv-768 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Before the court are three motions. A motion to quash filed by movant Lindsay Jarvis.[1] Another motion to quash filed by Defendant Shaun Cowley.[2] And a motion for order to show cause why Ms. Jarvis shouldn't be held in contempt for not producing a privilege log.[3] These motions all center on information sought via subpoena served by Defendants West Valley City, Sean McCarthy and Thayle Nielson that seek "all documents in Ms. Jarvis's possession that (1) relate to defendant John Coyle; (2) relate to any defendant in this action; or (3) relate to this lawsuit, including but not limited to alleged corruption within West Valley City and the alleged misconduct by West Valley City designed to insulate Defendant John Coyle."[4] This particular dispute regarding the subpoenaed information has a varied and winding course with multiple filings by the parties and multiple orders entered by the court. The court finds its prior order

---

[1] Docket no. 69.

[2] Docket no. 71.

[3] Docket no. 91.

[4] Op. p. 2, docket no. 84.

entered on December 1, 2015 dispositive of the instant motions.[5] And as such, the court DENIES these motions as set forth below.

Both motions to quash entail information sought by Defendants via subpoena. According to Defendants, Ms. Jarvis is a former West Valley City prosecutor that has information regarding the widespread corruption within West Valley City. Ms. Jarvis and Mr. Cowley sought to quash the subpoena from Defendants arguing (1) it requests material protected by the attorney-client privilege; (2) it requests material that is protected by the attorney work product doctrine; and (3) the requests are over broad, unduly burdensome and harassing.[6] Neither party filed a privilege log.

In its order from November 10th, the court noted the following standards: First, "The burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it."[7] Second, "The party must bear the burden as to specific questions or documents, not by making a blanket claim."[8] And third, the privilege "must be strictly constructed and accepted 'only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth.'"[9] The court then ordered the production of a privilege log and that the parties to meet and confer after the production of a privilege log to try to resolve any issues regarding privileged documents.[10]

---

[5] Order dated November 30, 2015, docket no. 86.

[6] Mtn to quash p. 1, docket no. 69.

[7] *In re Grand Jury Subpoena,* 697 F.2d 277, 279 (10th Cir. 1983).

[8] *In re Foster,* 188 F.3d 1259, 1264 (10th Cir. 1999).

[9] *Trammel v. United States,* 445 U.S. 40, 50 (1980) (quoting *Elkins v. United States,* 364 U.S. 206, 234 (1960)).

[10] Order dated November 10, 2015, docket no. 78.

Shortly after the court entered its order Ms. Jarvis filed a motion seeking costs to help pay for the burden of producing a privilege log.[11] Following briefing on that motion, the court denied the request for $12,500 in attorney's fees and costs allegedly needed to produce a privilege log.[12] The court again ordered the production of a privilege log and once again ordered the parties to meet and confer after the production of a privilege log.

On December 15, 2015, Ms. Jarvis filed a notice of compliance with the court asserting that the required privilege log had been produced and attached it to the notice.[13] The privilege log notes quite a few documents that are not privileged. In fact, of "the 309 items on Ms. Jarvis's "privilege log," only 9 are marked as privileged."[14] As such the court **ORDERS** those documents that are not privileged produced within ten (10) days from the date of this order.

Of the remaining items that are privileged is a broad category of "approximately 200 emails from November 2, 2012 to present date,"[15] some text messages to various individuals and Shaun Cowley corruption disclosures.

About a week after receiving the privilege log, Defendants filed a motion to hold Ms. Jarvis in contempt asserting the privilege log fails to comply with this court's prior order. Specifically Defendants argue the broad categories asserted by Ms. Jarvis as privileged are not proper and do not qualify as a privilege log.[16] In response Ms. Jarvis argues she complied with the broad requirement as set forth in Rule 45(e)(2)(A).[17]

---

[11] Docket no. 79.

[12] Order dated November 30, 2015, docket no. 86.

[13] Docket no. 90.

[14] Mtn for order to show cause p. 4, docket no. 91.

[15] Privilege log, docket no. 90-1.

[16] Mtn for order to show cause p. 5-6.

[17] Reply p. 3, docket no. 93.

The court agrees with Defendants that Ms. Jarvis' assertions of privilege via broad categories do little to describe the factual basis for the "assertion of the privilege or immunity."[18] As such, Ms. Jarvis is **ORDERED** to provide more specificity regarding the documents that are privileged.[19] Without more specificity the court and the parties cannot ascertain the validity of privilege assertions. But, the email from West Valley City regarding the privilege log sent in December 2015 fails to comply with the court's other requirement in its orders that the parties meet and confer regarding those items on the current privilege log. The court is convinced that a sit down face to face meeting would likely resolve many of the disputes regarding the subpoenaed information. It is therefore **ORDERED**

Defendants motion for order to show cause is **DENIED WITHOUT PREJUDICE**. It is further **ORDERED**

that the motions to quash are **DENIED** at this time.

After the parties meet and confer, seek to resolve their differences and after Ms. Jarvis produces a more detailed privilege log then the parties may renew their respective motions if necessary.

---

[18] *United States v. Badger*, 2013 WL 3937023 *3 (D.Utah July 30, 2013) ("The privilege log should include the date of the documents creation, the author (and, if known, the authors relation to the matter at hand), the addressee and all recipients, and a description of the document detailing the factual basis for the assertion of the privilege or immunity. Also, the particular privilege relied upon for each document must be specified.") (citing *Zander v. Craig Hosp.*, 743 F.Supp.2d 1225, 1231–32 (D.Colo.2010)).

[19] *See id.*

**ORDER**

Based upon the foregoing, Defendants motion for order to show cause is **DENIED WITHOUT PREJUDIC**E.

It is further ORDERED that the motions to quash are **DENIED WITHOUT PREJUDICE**.

DATED this 14 January 2016.

Brooke C. Wells
United States Magistrate Judge