IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY, et al.,<br><br>                Plaintiffs,<br>v.<br><br>WEST VALLEY CITY, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR PROTECTIVE ORDER<br><br>Case No. 2:13-cv-768 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Before the court are three closely related motions. Defendants Sean McCarthy, Thayle "Buzz" Nielsen, and John Coyle move the court for entry of a Protective Order protecting Defendants from the alleged untimely written discovery requests served upon them by the Plaintiffs.[1] Defendant Kevin Salmon joins in the motion.[2] And Defendant Shaun Cowley also joins in the motion.[3] As set forth below the court DENIES the motions.

This dispute centers on the interpretation of a stipulation entered into by the parties to extend discovery. On December 1, 2015 the parties entered into a stipulation "extending the discovery and related deadlines because, despite due diligence, more time is required to complete discovery."[4] The parties requested a new fact discovery cutoff of January 31, 2016.[5] The court granted the stipulation.[6]

---

[1] Docket no. 96.

[2] Docket no. 99.

[3] Docket no. 100.

[4] Stipulation docket no. 87.

[5] *See id.*

[6] Order dated December 2, 2015, docket no. 89.

On December 29, 2015, Plaintiffs served a set of written discovery requests on Defendants, "including a set of Requests for Admission, Requests for Production of Documents, and Interrogatories to each Defendant."[7] The parties exchanged communications about these discovery requests but could not come to an agreement regarding their timeliness. Defendants assert that the deadline for serving written discovery expired on November 2, 2015 and the December 1, 2015 stipulation did not move that deadline. They further assert that Local Rule 7-1(a)(2)(A) was not complied with by the stipulation so the written discovery deadline cannot be the subject of the stipulation.

In contrast, Plaintiffs point to the "related deadlines" language in the stipulation arguing that the deadline for written discovery was extended. Plaintiffs also argue that if the stipulation is viewed according to Defendants' interpretation it would only benefit Defendants. In addition, Defendants drafted the stipulation so it should be construed against them for failing to narrowly tailor what was intended. Finally, Defendants Salmon and Cowley waived their arguments since they already submitted discovery responses prior to filing their motions.[8]

Local Rule 7-1(a)(2)(A) pertains to the filing of a motion to extend time. It provides:

Exceptions to Requirement That a Motion Contain Facts and Legal Authority. Although all motions must state grounds for the request and cite applicable rules, statutes, case law, or other authority justifying the relief sought, no recitation of facts and legal authorities beyond the initial statement of the precise relief sought and grounds for the motion shall be required for the following types of motions:

(A) to extend time for the performance of an act, whether required or permitted, provided the motion is made prior to expiration of the time originally prescribed or previously extended by the court.[9]

---

[7] Mtn for protective order p. 2, docket no. 96.

[8] Op. p. 3, docket no. 102.

[9] DUCivR 7-1(a)(2)(A) (2015).

The court agrees with Defendants that Local Rule 7-1(a)(2)(A) was not explicitly followed since the stipulation did not include a recitation of the facts for the written discovery deadline that had expired.  The court, however, is persuaded that other factors outweigh this lack of compliance with Rule 7-1(a)(2)(A).  First, Defendants drafted the stipulation and as such the court finds it appropriate to construe any ambiguities in favor of Plaintiffs.  Second, it appears based upon Plaintiffs' representations that some Defendants have already provided responsive discovery to the discovery requests.  These both weigh in favor of denying the motions .

Accordingly, the court DENIES the respective motions for protective order.  Defendants are **HEREBY ORDERED** to provide discovery responses within thirty (30) days from the date of this order.

IT IS SO ORDERED.

## ORDER

Based upon the foregoing, Defendants motions for protective order are **DENIED.**

DATED this 3 February 2016.

_____
Brooke C. Wells
United States Magistrate Judge