IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY, et al.,<br><br>                    Plaintiffs,<br>v.<br><br>WEST VALLEY CITY, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR EXTENSION AND ORDERING PLAINTIFFS TO DESIGNATE EXPERT<br><br>Case No. 2:13-cv-768 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

Defendant Kevin Salmon moves the court for an order extending the deadline for him to designate/disclose a rebuttal expert witness and to conduct expert discovery.[1]  Also before the court is Plaintiffs' Motion to Clarify.[2]  As set forth below the court GRANTS the motion for an extension and ORDERS Plaintiffs to designate Dr. Linton A. Mohammed as an expert.

The dispute before the court centers on the use of a handwriting expert Dr. Linton Mohammed in this case.  Plaintiffs retained Dr. Mohammed in 2012 as a handwriting expert in the criminal matter of *US v. Dante Ketchens*.[3]  In that case Dr. Mohammed opined that the signature on the contested search warrant was forged by the West Valley Police Department.  Ultimately that matter was dismissed.  In the instant case Plaintiffs "intend to call Dr. Mohammed as a percipient witness to testify to his expert opinion presented in 2012."[4]

---

[1] Docket no. 104.

[2] Docket no. 107.  On the docket this motion is listed as Supplemental Motion for Discovery.  The court refers to the motion based upon the heading found on the motion.

[3] 2:12-cr-518 DB.

[4] Mtn. p. 2.

Plaintiffs do not intend to have Dr. Mohammed file a new expert report and are planning to use the one already prepared and used in the criminal case.

There is some concern about the timeliness of the designation of Dr. Mohammed as an expert.  Some Defendants request that the court exclude his testimony "because he was not timely designated and has not provided a report that complies with FRCP 26(a)(2)."[5]  Defendant Kevin Salmon, however, asks the court for an extension of time to designate his own expert and to conduct expert discovery.

The deadline for Plaintiffs to designate an expert was January 4, 2016.  Plaintiffs did not file any designation of expert witnesses or the disclosure information under Rule 26(a)(2) for witnesses offering expert testimony by the deadline.  On January 28, 2016, two days before Defendants' deadline to designate rebuttal experts, a conversation took place between Stephen Noel, counsel for Defendant Salmon, and Frida Hjort counsel for Plaintiffs.  Later that evening following their discussion about designating and using experts, Plaintiffs' counsel emailed stating that in contrast to their earlier conversation, Plaintiffs actually did intend to use a handwriting expert and "that the expert's report had been included in Plaintiffs' initial documents."[6]  Upon checking the initial documents, Mr. Noel found a letter from Dr. Mohammed attached to the initial disclosures, but no exhibit as referenced in the letter that contained a report.

Defendant Salmon quickly retained another expert but that expert needs copies of certain documents in order to complete a review of Dr. Mohammed's report.  Defendant Salmon asks for time to conduct expert discovery and then file a complete rebuttal report.

---

[5] Op. p. 1, docket no. 109.

[6] Mtn. p. 2.

The other Defendants argue the disclosure of Dr. Mohammed was improper, the failure to include Exhibit D was not a harmless oversight and an attorney's negligence is not a substantial justification for a late disclosure.[7]

The court is very concerned with the untimeliness and inadequacy of Plaintiffs' disclosures concerning Dr. Mohammed.  In most instances such as this the court would be inclined to exclude the expert.  But, the unique circumstance of Dr. Mohammed's involvement in the underlying criminal action and the attachment of his letter to the initial disclosures, though inadequate, tip the scales barely in favor of his admission.[8]  In addition, Defendant Salmon has already incurred the costs and burden of retaining an expert.  So the court will allow Dr. Mohammed's participation.  Plaintiffs are to file any necessary designation and documentation, including reports, within seven days of this decision.

Given Dr. Mohammed's belated designation there must be sufficient time for expert discovery.  Such an extension may jeopardize the current trial date.  The court, however, is more concerned that Defendants not suffer prejudice by the late designation.  The court therefore GRANTS Defendant Salmon's Motion for an Extension.  The parties are ordered to MEET AND CONFER and submit to the court a proposed schedule for expert discovery within seven days from the date of this order.

ORDER

As set forth above the court GRANTS Defendant Salmon's Motion for Extension of Deadlines and GRANTS IN PART Plaintiffs' Motion to Clarify.

---

[7] *See* op p. 3; *Noel v. Martin*, 21 F.App'x 828, 834 (10th Cir. 2001) (holding that the alleged negligence of plaintiff's counsel did not provide substantial justification for the late disclosure of an expert witness).

[8] *See Martinez v. Target Corp.*, 2010 WL 2616651 (10th Cir. July 1, 2010) (noting that  a court has broad discretion to determine whether to allow the late designation of experts and "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.") (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

IT IS SO ORDERED


DATED this 16 March 2016.


Brooke C. Wells
United States Magistrate Judge