IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D. S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D. K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS, <br><br> Plaintiffs, <br> v. <br><br> WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION AND AFFIRMING MAGISTRATE JUDGE'S ORDER** <br><br><br> Case No. 2:13-cv-00768-DN-BCW <br><br> District Judge David Nuffer <br> Magistrate Judge Brooke C. Wells |

Third party or "non-party" Lindsay Jarvis, an attorney, objects ("Objection")[1] to Magistrate Judge Wells's Order ("Magistrate Judge Order").[2] The Magistrate Judge Order required Ms. Jarvis to (1) "turn over her email accounts to a third party to conduct the searches requested by the Defendants[;]" (2) turn over "all identified emails, their attached documents, and a privilege log" to the court; and (3) pay half of the cost of the third party search.[3] Defendants filed a response opposing the Objection ("Response").[4] For the reasons set forth below, the Objection is OVERRULED and the Magistrate Judge Order is AFFIRMED.

---

[1] Non-Party Lindsay Jarvis' Objection to Magistrate Judge's Order Concerning Defendant's Order to Show Cause ("Objection"), docket no. 168, filed Sep. 8, 2016.

[2] Order Concerning Defendant's Motion for Order to Show Cause ("Magistrate Judge Order"), docket no. 154, entered Aug. 17, 2016.

[3] *Id.* at 1-2.

[4] Response to Lindsay Jarvis's Objection to Magistrate Judge's Order Concerning Defendants' Order to Show Cause ("Response"), docket no. 169, filed Sep. 20, 2016.

## BACKGROUND[5]

In September 2015, West Valley City, a defendant in this case, served a subpoena upon Ms. Jarvis. Ms. Jarvis is not a party to this case, but is an attorney who represented a defendant in this case, Shaun Cowley, in other actions. West Valley City believes Ms. Jarvis has information pertinent to this action because plaintiff's initial disclosures in this case stated that Ms. Jarvis possessed "information regarding alleged corruption in West Valley City and information regarding conduct by West Valley City and Defendant John Coyle."[6]

Ms. Jarvis objected to the subpoena and moved to quash it. In her motion to quash, Ms. Jarvis asserted that the subpoena sought "information that is not reasonably calculated to lead to the discovery of admissible evidence and, in addition, requires the disclosure of privileged or otherwise protected material to which no waiver applies."[7] Mr. Cowley also moved to quash the subpoena.[8]

On November 10, 2015, the magistrate judge took the two motions to quash under advisement and ordered Ms. Jarvis to produce a privilege log. The magistrate judge requested a privilege log because "[t]he burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it[,]"[9] and "Ms. Jarvis and Mr. Cowley ha[d] completely failed to meet their burden."[10] The magistrate judge explained that neither Ms. Jarvis

---

[5] The facts in this Background section are derived from the Objection and Response.

[6] Response at iv, ¶ 1 (citing Pls.' Initial Discl. at 6, Ex. 2 to Response, docket no. 169-2, filed Sep. 20, 2016).

[7] Objection at 4 (citing Motion to Quash Subpoena to Produce Documents at 1-2, docket no. 69, filed Sep. 17, 2015).

[8] Objection at 5 (citing Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, docket no. 71, filed Sep. 23, 2015).

[9] Memorandum Decision and Order Directing the Filing of a Privilege Log and Taking the Motions Under Advisement at 2, docket no. 78, entered Nov. 10, 2015 (quoting *In re Grand Jury Subpoena*, 697 F.2d 277, 279 (10th Cir. 1983)) (second alteration by magistrate judge).

[10] Memorandum Decision and Order Directing the Filing of a Privilege Log and Taking the Motions Under Advisement at 3, docket no. 78, entered Nov. 10, 2015.

nor Mr. Cowley "submitted a privilege log that describes the nature of the withheld information. Rather, they both simply make broad arguments regarding the privileges. A blanket claim of privilege does not suffice."[11]

On December 15, 2015, Ms. Jarvis filed a document entitled "privilege log."[12] It consisted of a list of 309 items, eight of which were marked as privileged. One of the entries on the list, #297, was described as "Approximately 2000 emails from 11/2012 to present."[13] It was marked as protected by the attorney-client and work product privilege.[14] Counsel for West Valley City notified Ms. Jarvis that her alleged "privilege log" was still inadequate and asked her to indicate by December 18 whether she would provide an adequate log.[15]

On December 22, 2015, West Valley City filed a motion requesting that Ms. Jarvis be held in contempt for failure to provide an adequate privilege log.[16]

The magistrate judge ultimately denied the two motions to quash and the December 22, 2015 motion to hold Ms. Jarvis in contempt, but found that Ms. Jarvis's assertions of privilege in the "privilege log" were inadequate.[17] The magistrate judge ordered Ms. Jarvis "to provide more specificity regarding the documents that are privileged."[18] The magistrate judge noted that "[w]ithout more specificity the court and the parties cannot ascertain the validity of privilege

---

[11] *Id.*

[12] Objection at 8 (citing Document, Ex. 1 to Notice of Compliance, docket no. 90-1, filed Dec. 15, 2015).

[13] Objection at 9 (citing Document at 4, Ex. 1 to Notice of Compliance, docket no. 90-1, filed Dec. 15, 2015).

[14] Objection at 9; Document at 4, Ex. 1 to Notice of Compliance, docket no. 90-1, filed Dec. 15, 2015.

[15] Response at vii, ¶ 18.

[16] Objection at 9 (citing Motion for Order to Show Cause why Lindsay Jarvis Should Not Be Held in Contempt for Failing to Produce a Privilege Log, docket no. 91, filed Dec. 22, 2015).

[17] Objection at 10 (citing Memorandum Decision and Order Denying Order to Show Cause and Motions to Quash, docket no. 94, entered Jan. 15, 2016).

[18] Memorandum Decision and Order Denying Order to Show Cause and Motions to Quash at 4, docket no. 94, entered Jan. 15, 2016.

assertions."[19] The magistrate judge also ordered the parties to meet and confer. The magistrate judge gave this specific instruction regarding the privilege log that Ms. Jarvis was ordered to produce:

> The privilege log should include the date of the documents creation, the author (and, if known, the authors relation to the matter at hand), the addressee and all recipients, and a description of the document detailing the factual basis for the assertion of the privilege or immunity. Also, the particular privilege relied upon for each document must be specified.[20]

In February 2016, Ms. Jarvis emailed two pdf documents containing a list of all of the emails covered by entry #297 on her first privilege log to counsel for West Valley City. To create this list, Ms. Jarvis had searched her email for the term "Cowley." Ms. Jarvis believed this would capture "all the emails that could in any way touch on West Valley City's subpoena."[21] West Valley City did not agree that this was an adequate search, and asked Ms. Jarvis to provide more information because not all the items on the list complied with the magistrate judge's instruction to include the date, author, recipients, and description of the factual basis for the assertion of privilege. For example, one item shows the sender as "me" but does not show recipients.[22] Another item shows the sender as "me" but the first line of the email indicates that the sender was acting on behalf of Ms. Jarvis—not Ms. Jarvis herself.[23]

On May 18, 2016, the parties met and conferred. At the meeting, Ms. Jarvis told counsel for West Valley City that the list of emails was "everything she had."[24] Ms. Jarvis requested that counsel for West Valley City identify the emails they wanted to look at, and she would review

---

[19] *Id.*

[20] Response at viii, ¶ 22 (quoting Memorandum Decision and Order Denying Order to Show Cause and Motions to Quash at 4, n.18, docket no. 94, entered Jan. 15, 2016).

[21] Objection at 11.

[22] Response at ix, ¶ 27.

[23] *Id.* ¶ 28.

[24] Objection at 12.

them for privilege concerns. If there were no privilege concerns, she would provide the email. If there were privilege concerns, she would notify them what those concerns were. Counsel for West Valley City did not request disclosure of any of the emails on the list, but asked Ms. Jarvis to run other search terms through her email and disclose documents that would be responsive to the subpoena.[25] Several weeks after the meeting, Ms. Jarvis sent a letter to counsel for West Valley City stating that she had run the search terms but "no addition[al] relevant documents were produced[.]"[26] On June 9, 2016, a law partner of Ms. Jarvis sent correspondence stating that Ms. Jarvis was "not in possession" of "any items responsive" to the subpoena.[27]

On June 13, 2016, West Valley City filed a renewed motion for Ms. Jarvis to be held in contempt. This motion was taken under advisement and then ruled on by the magistrate judge. Ms. Jarvis currently objects to the magistrate judge's decision on the renewed motion, which is discussed immediately below.

## MAGISTRATE JUDGE ORDER

After holding a hearing on West Valley City's renewed motion to quash, the magistrate judge entered an order ("Magistrate Judge Order") requiring Ms. Jarvis to (1) "turn over her email accounts to a third party to conduct the searches requested by the Defendants[;]" (2) turn over "all identified emails, their attached documents, and a privilege log" to the court; and (3) pay half of the cost of the third party search.[28] The motion to hold Ms. Jarvis in contempt was "taken under advisement pending compliance with the production of the privilege log and identified emails."[29]

---

[25] Response at x-xi, ¶ 34.

[26] Objection at 12.

[27] Response at xii, ¶ 43.

[28] Magistrate Judge Order at 1-2.

[29] *Id.* at 2.

5

**DISCUSSION**

Ms. Jarvis objects to the Magistrate Judge Order on the grounds that "[t]here has never been a showing, let alone a finding, that Ms. Jarvis possesses responsive documents."[30] "Accordingly," Ms. Jarvis argues, "because Ms. Jarvis is not withholding anything on a claim of privilege, any order to produce a privilege log is unwarranted."[31] Ms. Jarvis also argues that "*any* cost associated with a third-party search of her email would be an undue burden on Ms. Jarvis and should be paid for by West Valley City."[32]

### The Magistrate Judge Order Will Be Reviewed for Clear Error

Under 28 U.S.C. § 636(b)(1), a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for eight specific motions.[33] Those eight excepted motions are motions that relate to dispositive matters. "The statute thus distinguishes between regular pretrial matters, which a magistrate judge may decide, and those dispositive matters which have a preclusive effect on the parties . . . ."[34] If objected to, nondispositive "pretrial matter[s]" are reviewed by a district judge to determine whether they are "clearly erroneous or contrary to law"[35] while dispositive matters are reviewed de novo.[36]

Ms. Jarvis argues the Magistrate Judge Order was dispositive as to her issue and should therefore be reviewed de novo. She argues that since she is a "non-party to the litigation, any decision on this motion will resolve the entirety of the legal issues raised by her and leave her

---

[30] Objection at 20.

[31] *Id.*

[32] *Id.* (emphasis added).

[33] 28 U.S.C. § 636(b)(1)(A).

[34] *NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

[35] 28 U.S.C. § 636(b)(1)(A).

[36] Fed. R. Civ. P. 72(b)(3).

with no further possibility of later review."[37] Therefore, Ms. Jarvis argues, "once the court . . . compels compliance with a subpoena, the court disposes of the entire case before it" and it is "like a motion to dismiss."[38] Ms. Jarvis is incorrect.

The cases cited by Ms. Jarvis to support her argument for de novo review[39] are cases where *the entire case before the court* was the discovery question at issue. For example, in *NLRB v. Frazier*,[40] the NLRB sought to compel Frazier to testify in an administrative proceeding before the NLRB. The NLRB issued a subpoena for Frazier to testify, but Frazier refused. Pursuant to a section of the National Labor Relations Act, the NLRB filed a case with a federal district court seeking to compel Frazier to testify. No other portion of the administrative proceeding was at issue before the federal district court. The only issue the federal district court was asked to review was Frazier's compliance with the subpoena. The federal district court referred that decision to a magistrate judge, who denied enforcement of the subpoena. The federal district judge determined the issue was not dispositive, and affirmed the magistrate judge's decision under a "clearly erroneous" standard of review.

The NLRB appealed the district court decision to the Third Circuit which reversed, noting that *the only dispute* that was pending before the district court was the subpoena: "the [NLRB]'s enforcement proceeding was not part of a larger case before the court. Rather, the enforcement proceeding arose from a pending dispute that was not before the court."[41] Thus, because "the case before the district court [was] over regardless of which way the court rule[d],"

---

[37] Objection at 18.

[38] *Id.*

[39] *Id.* at 19 (citing *Frazier*, 966 F.2d at 816–18 and *In re Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66 (D. Mass. 2009)).

[40] *NLRB v. Frazier*, 966 F.2d 812 (3d Cir.1992).

[41] *Id.* at 817.

and because the subpoena issue was "the only matter before the court" and "seal[ed] with finality the district court proceeding," it was a dispositive issue. The Third Circuit held that in the NLRB's case, "[t]he proceeding to enforce an agency subpoena is like a motion to dismiss; once the court grants a motion to dismiss or compels compliance with a subpoena, the court disposes of the entire case before it."[42]

Similarly, in *In re Dep't of Justice Subpoenas to ABC*,[43] the subpoena issue was the *entire case before the court*. As such, the matter was considered dispositive and was reviewed de novo.[44]

Here, the subpoena issued to Ms. Jarvis is *not* the entire issue before the court. Rather, it is a tangential and collateral issue to the central case between plaintiffs and defendants. The case is not "over regardless of which way the court rules"[45] and it does not seal "with finality the district court proceeding."[46] Thus, this decision is a pretrial matter and will be reviewed to determine whether it was "clearly erroneous or contrary to law."[47]

It is recognized that this issue is "dispositive" as to Ms. Jarvis's involvement in this case. If the subpoena issued to Ms. Jarvis were filed as its own separate case, perhaps a different conclusion would be reached. But that is not the set of facts presented here. The set of facts presented here is that Ms. Jarvis's objection to the subpoena is part of a larger case before the court. Following the reasoning in cases cited by Ms. Jarvis, the issue is not dispositive. Thus, the

---

[42] *Id.*

[43] *In re Dep't of Justice Subpoenas to ABC*, 263 F.R.D. 66 (D. Mass. 2009).

[44] *Id.* at 69 ("[Since] the government's motion to compel is the entire issue before this Court, the Court concludes that the motion is dispositive and that review should be de novo.").

[45] *Frazier*, 966 F.2d at 817.

[46] *Id.*

[47] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Magistrate Judge Order will be reviewed under the "clearly erroneous or contrary to law" standard.

This Magistrate Judge Order should be treated differently than an order resolving an entire case arising out of a subpoena. In the latter circumstance, the entire matter is concluded by an order, and that disposition is different than an incidental discovery issue in a larger piece of litigation. If every third-party subpoena in a case were treated as dispositive, the efficiency of referral to magistrate judges would be defeated. And the main litigation would be throttled by constant de novo review of a magistrate judge's orders.

### Ms. Jarvis Raised the Privilege Issue

One of Ms. Jarvis's challenges to the Magistrate Judge Order is that "[t]here has never been a showing, let alone a finding, that Ms. Jarvis possesses responsive documents."[48] "Accordingly," Ms. Jarvis argues, "because Ms. Jarvis is not withholding anything on a claim of privilege, any order to produce a privilege log is unwarranted."[49]

This argument is directly refuted by Ms. Jarvis's Motion to Quash, which argued that the subpoena should be quashed because it "requires the disclosure of privileged or otherwise protected material to which no waiver applies."[50] She thereby admitted possession of responsive documents but relied on privilege to refuse to produce them. Now, she seeks to retreat from the admission of relevance of documents and claim that she can use privilege *and* a unilateral declaration of irrelevance to completely prevent testing of her assertions.

Because Ms. Jarvis raised privilege in her motion to quash, it was not clearly erroneous or contrary to law to require Ms. Jarvis to establish that privilege exists. As the magistrate judge

---

[48] Objection at 20.

[49] *Id.*

[50] *Id.* at 4 (citing Motion to Quash Subpoena to Produce Documents at 1-2, docket no. 69, filed Sep. 17, 2015).

9

explained in a prior order, "[t]he burden of establishing the applicability of [the attorney-client] privilege rests on the party seeking to assert it."[51] Ms. Jarvis has not yet carried her burden despite more than one opportunity. The most recent Magistrate Judge Order gives yet another opportunity for Ms. Jarvis to establish or clarify the privilege she asserts. In fact, the Magistrate Judge Order has not granted or denied the Motion to Compel—it simply took the Motion to Compel under advisement "pending compliance with the production of the privilege log and identified emails."[52] Ms. Jarvis has received very clear instructions on how to comply with the court's orders in compiling the privilege log for the items for which she asserts privilege.

West Valley City is correct that Ms. Jarvis only recently began arguing that she does not have responsive documents and that there must be a finding that she has responsive documents before she is required to produce further information. Ms. Jarvis's current position is belied by her previous disclosures of documents she believed were responsive to the subpoena. And to the extent Ms. Jarvis argues that a finding of relevance or need is required before she is required to produce any further information, Ms. Jarvis is directed to the Plaintiff's Initial Disclosures wherein the Plaintiffs identify Ms. Jarvis as having discoverable information.[53]

Ms. Jarvis argues that the court is required to balance the need for the information against the burden imposed by the non-party. But it is impossible to complete that balancing analysis *without the information*. The Magistrate Judge Order seeks to have Ms. Jarvis provide that information to the court *in camera* so it can be determined (a) whether a privilege applies; and

---

[51] Memorandum Decision and Order Directing the Filing of a Privilege Log and Taking the Motions Under Advisement at 2, docket no. 78, entered Nov. 10, 2015 (quoting *In re Grand Jury Subpoena*, 697 F.2d at 279) (second alteration by magistrate judge)).

[52] Magistrate Judge Order at 2.

[53] Pls.' Initial Discl. at 6, Ex. 2 to Response, docket no. 169-2, filed Sep. 20, 2016

(b) whether the need for the information outweighs any burden on Ms. Jarvis in providing it. The first step is for Ms. Jarvis to provide the information.

Finally, Ms. Jarvis takes issue with the requirement that she turn over her "email account to a third party who has no ethical duty to protect and keep confidential" communications between her and her client.[54] But Ms. Jarvis assumes she has established privilege. She has not. Her previous disclosures were not specific and did not comply with the court's simple instructions to identify the date, author, recipients, and description of the email, as well as the factual basis for the assertion of privilege.[55] Had Ms. Jarvis originally complied with the court's instructions, a third party likely would not have become involved. Further, if Ms. Jarvis had originally asserted that she did not have responsive documents, the privilege issue would not have been central. But since she responded incompletely to the instruction to disclose information, and asserted privilege, it is her burden to establish privilege by providing specific enough information to determine whether the privilege applies.[56] Since she refused the opportunity to do this herself, the magistrate judge ordered a means of accomplishing the determination. This was not clearly erroneous or contrary to law.

**Ms. Jarvis Is Appropriately Required to Share the Cost of Complying with the Subpoena**

Under Fed. R. Civ. P. 45(d)(3)(A)(iv), a non-party must be protected from "undue burden" when complying with a subpoena. Additionally, Fed. R. Civ. P. 45(d)(2)(B)(ii) requires that when a court orders compliance with a subpoena over an objection, "the order must protect a

---

[54] Objection at 22.

[55] Memorandum Decision and Order Denying Order to Show Cause and Motions to Quash at 4, n.18, docket no. 94, entered Jan. 15, 2016

[56] Memorandum Decision and Order Directing the Filing of a Privilege Log and Taking the Motions Under Advisement, docket no. 78, entered Nov. 10, 2015 (citing cases); Memorandum Decision and Order Denying Order to Show Cause and Motions to Quash, docket no. 94, entered Jan. 15, 2016 (citing cases).

person who is neither a party nor a party's officer from significant expense resulting from compliance."[57]

Here, Ms. Jarvis argues that the portion of the Magistrate Judge Order that requires her to pay half of the cost of the third party search is an "undue burden" and causes her "significant expense." This is incorrect. While complying with the Magistrate Judge Order places a burden on Ms. Jarvis, the burden is not "undue." As a party identified by Plaintiffs as having information pertinent to the case, Ms. Jarvis was placed under a burden to respond to requests for that information. An earlier request for costs was denied by the magistrate judge, with the magistrate judge noting that the cost-shifting provisions of Rule 45 were not yet applicable because "the court has yet to compel her production with the subpoena."[58] Instead, the magistrate judge wrote, "[a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must (i) expressly make the claim; and (ii) describe the nature of the withheld documents . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."[59]

That analysis is still applicable. Ms. Jarvis has not been ordered to comply with the subpoena or produce information to West Valley City. Instead, she has been ordered to produce a privilege log so the court will be able to assess whether Ms. Jarvis's claim of privilege is appropriate. It may be true that Ms. Jarvis does not have any information responsive to the subpoena and it may be true that the only information Ms. Jarvis has is subject to privilege. But those questions cannot be answered until the information is provided to the court, as ordered, and the court can review the information *in camera*. This step would not have been ordered if Ms.

---

[57] Fed. R. Civ. P. 45(d)(2)(B)(ii).

[58] Memorandum Decision and Order Denying Motion Seeking Award of Costs at 3, docket no. 86, entered Dec. 1, 2015.

[59] *Id.* (quoting Fed. R. Civ. P. 45(d)(2)(A)).

Jarvis's had provided complete information. Considering this, the magistrate judge ordered Ms. Jarvis to split the cost with West Valley City. And because West Valley City is requesting the information, it is required to pay half of the cost of the third party search. This mitigates the costs and impacts on Ms. Jarvis. This decision is not clearly erroneous or contrary to law.

## ORDER

IT IS HEREBY ORDERED that the Objection[60] is OVERRULED and the Magistrate Judge Order[61] is AFFIRMED.

Dated October 18, 2016.

BY THE COURT:

_David Nuffer_
David Nuffer
United States District Judge

---

[60] Non-Party Lindsay Jarvis' Objection to Magistrate Judge's Order Concerning Defendant's Order to Show Cause ("Objection"), docket no. 168, filed Sep. 8, 2016.

[61] Order Concerning Defendant's Motion for Order to Show Cause ("Magistrate Judge Order"), docket no. 154, entered Aug. 17, 2016.