IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D. S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D. K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS, | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION** |
| Plaintiffs, | |
| v. | Case No. 2:13-cv-00768-DN-BCW |
| WEST VALLEY CITY; SHAUN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10, | District Judge David Nuffer<br>Magistrate Judge Brooke C. Wells |
| Defendants. | |

Plaintiffs Danielle Swasey; D.S., by and through her Guardian ad Litem, Danielle Swasey; Dante Ketchens; and D.K., by and through his Guardian ad Litem, Dante Ketchens, (collectively "Plaintiffs") move for reconsideration ("Motion for Reconsideration")[1] of a memorandum decision and order entered on January 11, 2017 which granted West Valley City's and Thayle Nielsen's (collectively, "Municipal Defendants") motion for summary judgment as to the second cause of action ("Order").[2] The Municipal Defendants oppose the Motion for Reconsideration ("Opposition").[3] Plaintiffs did not file a reply in support of the Motion for Reconsideration.

---

[1] Plaintiffs' Motion for Reconsideration ("Motion for Reconsideration"), docket no. 192, filed Jan. 23, 2017.

[2] Memorandum Decision and Order Granting Motion for Summary Judgment ("Order"), docket no. 191, entered Jan. 11, 2017.

[3] Opposition to Plaintiffs' Motion for Reconsideration ("Opposition"), docket no. 195, filed Feb. 6, 2017.

## BACKGROUND

Plaintiffs filed an Amended Complaint containing five causes of action.[4] The second cause of action was asserted against West Valley City for "Violation of Civil Rights 42 U.S.C. § 1983 – *Monell*[.]"[5] The Municipal Defendants moved for summary judgment on the second cause of action ("Motion for Summary Judgment").[6] Plaintiffs opposed the Motion for Summary Judgment,[7] and the Municipal Defendants filed a reply in support ("Reply Memorandum").[8]

Part I A of the Reply Memorandum argued that "[t]he case at bar is not about—and has *never* been about—falsified probable cause" because "probable cause was validly obtained when a confidential informant told Detective Salmon that Ketchens transported marijuana from his house to his barbershop on a regular basis."[9] The Reply Memorandum asserted that "[t]hese facts have never been disputed."[10]

Part I A of the Reply Memorandum also explained that when Ketchens was stopped, he "immediately told the Officer Defendants that he had marijuana in his car and told them 'exactly' where it was.'"[11] Part I A of the Reply Memorandum continued: "The tip from a confidential informant, combined with the Plaintiff's own admission of criminal possession, established valid probable cause to search Ketchens' person, vehicle and home."[12] Part I A of the

---

[4] Amended Complaint, docket no. 44, filed Feb. 26, 2015.

[5] *Id.* at 9.

[6] Defendant West Valley City and Thayle Nielsen's Motion for Summary Judgment ("Motion for Summary Judgment"), docket no. 108, filed Mar. 15, 2016.

[7] Plaintiffs' Opposition to Motion for Summary Judgment, docket no. 170, filed Sep. 30, 2016.

[8] Reply in Support of WVC Defendants' Motion for Summary Judgment ("Reply Memorandum"), docket no. 177, filed Oct. 27, 2016.

[9] *Id.* at 4.

[10] *Id.*

[11] *Id.* at 4-5.

[12] *Id.* at 5.

Reply Memorandum further asserted that "Plaintiffs have never disputed the validity of the Officer Defendants' probable cause to search the Plaintiffs' vehicles, home and persons."[13]

Because the Reply Memorandum made assertions that Plaintiffs had "never disputed" probable cause, the Plaintiffs were asked to file a sur-reply "responding to Part I A of the Reply Memorandum, including the facts and legal issues raised in that section."[14] The Plaintiffs were specifically directed that "[t]he sur reply should contain any dispute to factual content contained in docket no. 108-5."[15] Docket no. 108-5 includes incident reports from police officers who were involved in the events at issue on August 15, 2012.[16]

Plaintiffs' sur-reply did not specifically refute the factual content contained in the incident reports from police officers in docket no. 108-5. The Plaintiffs did not challenge the Municipal Defendants' assertion that probable cause with respect to Ketchens was "never disputed." The Plaintiffs failed to dispute the facts underlying the probable cause arguments in Part I A of the Reply Memorandum, such as the admission by Ketchens that he was in possession of marijuana. Instead, the Plaintiffs' sur-reply largely restated the positions taken in the Opposition to the Motion for Summary Judgment that had already been filed.[17]

After considering all the materials submitted, the Motion for Summary Judgment was granted. The Order concluded that:

> It is undisputed that there was probable cause to conduct a search based on statements Plaintiff Ketchens made to the police. . . . Plaintiffs have not argued that the arrest was made without probable cause. Indeed, a review of the record

---

[13] *Id.*

[14] Docket Text Order, docket no. 184, entered Dec. 27, 2016.

[15] *Id.*

[16] Incident Reports, Ex. 5 to Motion for Summary Judgment, docket no. 108-5, filed Mar. 15, 2016.

[17] *See, e.g.*, Plaintiffs' Sur-Reply to Defendants West Valley City and Thayle Nielsen's Motion for Summary Judgment at 2-6 (copying and pasting section entitled "Response to Statement of Elements and Undisputed Material Facts").

shows that there can be no genuine dispute about whether Ketchens was validly arrested with probable cause. A confidential informant had indicated that Ketchens was in possession of illegal drugs and a handgun, Ketchens committed at least one moving traffic violation, initially refused to pull over during officers' attempts to stop him, openly admitted to possession of marijuana and also to possession of a weapon despite knowing this was impermissible because he was a convicted felon. Accordingly, there was probable cause to arrest Ketchens, and then to conduct searches pursuant to that arrest. . . .

In addition, Ketchens gave consent to search his vehicle and the house. Plaintiffs' Sur-Reply does not dispute any of the facts involving consent. Ketchens said that the officers were welcome to go back to the house and check for drugs when Officer Salmon asked Ketchens if he had any more drugs back at the house. Ketchens's invitation for officers to return to the house allowed the police the opportunity to accompany him back to the home, where he opened the door for them to enter. . . . [18]

## DISCUSSION

The Plaintiffs move for reconsideration of the Order. To the extent that motions to reconsider are recognized, they are disfavored.[19] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[20]

Plaintiffs base their Motion for Reconsideration on two arguments. First, they argue that the Order is based on arguments that the Municipal Defendants did not make.[21] Second, they argue that the Order is erroneous because it concludes that "the officers did not conduct the search under the purported authority of the forged consent-to-search form, but rather as a search

---

[18] Order at 18-19 (footnotes omitted).

[19] *Whittington v. Taco Bell of Am., Inc.*, No. 10–1884, 2012 WL 3705046, at *2 (D. Colo. Aug.27, 2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)); see *Warren v. Am. Bankers Ins. Of Fl.*, 507 F.3d 1238, 1243 (10th Cir. 2007) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'").

[20] *Brueningsen v. Resort Express Inc.*, No. 2:12-CV-843-DN, 2016 WL 1181683, at *2 (D. Utah Mar. 25, 2016) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[21] Motion for Reconsideration at 4.

incident to a lawful arrest for drug possession and based on verbal consent."[22] Both of these arguments are incorrect.

### The Municipal Defendants Raised Arguments Regarding Causation

The Plaintiffs argue that the "Municipal Defendants did *not* argue that Plaintiffs' *Monell* claim should be dismissed for lack of causation because (1) there was not a triable issue as to whether the NNU [Neighborhood Narcotics Unit of West Valley City Police Department] had probable cause to search, or (2) Mr. Ketchens verbally consented to the search of his home."[23]

Part I A of the Reply Memorandum directly asserted that "[t]he case at bar is not about—and has *never* been about—falsified probable cause" because "probable cause was validly obtained when a confidential informant told Detective Salmon that Ketchens transported marijuana from his house to his barbershop on a regular basis."[24] The Reply Memorandum asserted that "[t]hese facts have never been disputed."[25] Thus, the Plaintiffs are incorrect that the Municipal Defendants did not raise the argument that "(1) there was not a triable issue as to whether the NNU had probable cause to search[.]"[26] The Plaintiffs were expressly given an opportunity to file a sur-reply on these very arguments and to challenge the underlying facts.

The Plaintiffs are also incorrect that the Municipal Defendants did not raise the argument that "(2) Mr. Ketchens verbally consented to the search of his home."[27] Part I A of the Reply Memorandum directly asserted that there was "probable cause to search Ketchens' person,

---

[22] *Id.*

[23] *Id.*

[24] Reply Memorandum at 4.

[25] *Id.*

[26] Motion for Reconsideration at 4.

[27] *Id.*

vehicle and home" based on statements made to the police.[28] Those statements are outlined in the incident reports at docket no. 108-5, in which it is reported that Mr. Ketchens told the police that they "could go back [to the house] and check" for drugs.[29] Docket no. 108-5 also reports that Ketchens led police to the door and "opened the door and invited us [the police] in."[30] Thus, the argument was raised that Mr. Ketchens consented to search of the home.

The Plaintiffs present evidence—although not "new" evidence—that Mr. Ketchens stated he did not open the front door, but he did "lead the officer to the front door[.]"[31] This does not change the conclusion that Mr. Ketchens consented to the search. Even if there is a dispute about who physically opened the front door, the Plaintiffs do not dispute that Mr. Ketchens told officers they could go check for drugs at the house and led officers to the front door. Thus, even if the Plaintiffs are correct that there is a dispute about who opened the front door, it is not a dispute that requires reconsideration of the Order. There was probable cause to search the home. Additionally, Mr. Ketchens verbally consented to search of the home.

### The Municipal Defendants Asserted Facts to Establish Probable Cause

The second argument the Plaintiffs raise is that the "Municipal Defendants do not assert . . . as an undisputed fact anywhere in their briefings" the Order's conclusion that "the officers did not conduct the search under the purported authority of the forged consent-to-search form, but rather as a search incident to a lawful arrest for drug possession and based on verbal consent."[32]

---

[28] Reply Memorandum at 5.

[29] Incident Report of Detective Salmon at 11 of 21, docket no. 108-5, filed Mar. 15, 2016.

[30] *Id.*

[31] Deposition of Dante Ketchens at 32:7-10, Ex. A to Motion for Reconsideration, docket no. 192-1, filed Jan. 23, 2017.

[32] Motion for Reconsideration at 4.

This is precisely the issue the Plaintiffs were asked to brief in their sur-reply. The Municipal Defendants argued in Part I A of their Reply Memorandum that "Plaintiffs have never disputed the validity of the Officer Defendants' probable cause to search the Plaintiffs' vehicles, home and persons."[33] The Municipal Defendants stated that "[t]hese facts have never been disputed[,]"[34] referring to statements made to the police to establish probable cause. Therefore, the Plaintiffs are incorrect that the Municipal Defendants failed to assert facts to establish probable cause.

Plaintiffs argue that the order for a sur-reply was "improper and places an impossible burden on Plaintiffs."[35] They argue that the burden for establishing entitlement to summary judgment rests with the movant, and since the Plaintiffs were not the movant, they should not be required to assume this burden. But, as the Plaintiffs note, the "initial burden" is on the movant. Once the movant makes a prima facie showing of the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law, the burden shifts to the non-movant to show a dispute. This standard was explained in the Order.[36] After the Municipal Defendants made a prima facie showing of the lack of a genuine dispute of material fact and entitlement to judgment as a matter of law, Plaintiffs failed to show a genuine dispute about probable cause and verbal consent to search. "Indeed, a review of the record shows that there can be no genuine dispute about whether Ketchens was validly arrested with probable cause. . . ."[37]

---

[33] Reply Memorandum at 5.

[34] *Id.* at 4.

[35] Motion for Reconsideration at 5.

[36] Order at 6-7.

[37] *Id.* at 18-19.

Plaintiffs also argue that their failure to dispute the facts underlying probable cause and verbal consent should simply be viewed as "an honest and excusable mistake" and reconsideration should be granted.[38] But Plaintiffs do not cite to any case law supporting this proposition. Thus, reconsideration is not warranted.

## CONCLUSION

Because Plaintiffs have failed to show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice[,]"[39] the Motion for Reconsideration is denied. Plaintiffs were given an specific opportunity to refute the factual assertions and arguments raised by the Municipal Defendants regarding probable cause, Mr. Ketchens's statements to the police, and consent, but Plaintiffs did not adequately show that there was a genuine dispute of material fact on these topics to preclude summary judgment on the *Monell* claim.

## ORDER

IT IS HEREBY ORDERED that the Motion for Reconsideration[40] is DENIED.

Dated April 6, 2017.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[38] Motion for Reconsideration at 5.

[39] *Brueningsen*, 2016 WL 1181683, at *2 (quoting *Servants of Paraclete*, 204 F.3d at 1012).

[40] Plaintiffs' Motion for Reconsideration ("Motion for Reconsideration"), docket no. 192, filed Jan. 23, 2017.