IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DANIELLE SWASEY; D.S., BY AND THROUGH HER GUARDIAN AD LITEM, DANIELLE SWASEY; DANTE KETCHENS, D.K., BY AND THROUGH HIS GUARDIAN AD LITEM, DANTE KETCHENS, | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |
| Plaintiffs, v. | Case No. 2:13-cv-00768-DN-BCW |
| WEST VALLEY CITY; SHAWN COWLEY; KEVIN SALMON; SEAN MCCARTHY; JOHN COYLE; THAYLE "BUZZ" NIELSEN; and DOES 1-10, | District Judge David Nuffer Magistrate Judge Brooke C. Wells |
| Defendants. | |

Plaintiffs' Amended Complaint contains five causes of action.[1] Plaintiffs' Fifth Cause of Action is a claim for intentional infliction of emotional distress against all defendants.[2] Defendant John Coyle, not joined by any other defendant, moves for summary judgment on Plaintiffs' Fifth Cause of Action ("Motion").[3] Plaintiffs oppose the Motion ("Opposition").[4] Mr. Coyle filed a reply in support of the Motion ("Reply").[5] For the reasons below, the Motion is DENIED.

---

[1] Amended Complaint, docket no. 44, filed Feb. 26, 2015.

[2] *Id.* at 15, ¶¶ 63-70.

[3] Defendant John Coyle's Motion for Partial Summary Judgment ("Motion"), docket no. 180, filed Nov. 11, 2016.

[4] Plaintiffs' Opposition to Defendant John Coyle's Motion for Partial Summary Judgment ("Opposition"), docket no. 182, filed Dec. 9, 2016.

[5] Reply Memorandum in Support of Defendant Coyle's Motion for Partial Summary Judgment ("Reply"), docket no. 187, filed Jan. 10, 2017.

## THE MOTION IS UNTIMELY

Before reaching the merits of the Motion, timeliness must be addressed. Mr. Coyle acknowledges that "the dispositive motions deadline . . . was March 15, 2016" but argues that his Motion, which was filed on November 11, 2016 should be accepted because "due to stipulations between the parties, . . . fact discovery continued well beyond [March 15, 2016]."[6] Mr. Coyle argues that "the deadline in the Scheduling Order is not controlling and that this Motion is timely given the amorphous nature of the discovery cut-off in this case."[7] Mr. Coyle explains that depositions occurred "as late as July 2016" even though the Scheduling Order "set the close of fact discovery for December 1, 2015."[8] Therefore, Mr. Coyle argues, "[i]t is clear from their conduct since adopting the Scheduling Order that the parties, and the Court, do not consider the [Scheduling] Order to be controlling."[9]

Mr. Coyle is incorrect. The Motion is untimely because it was filed nearly eight months after the deadline and there is no order from the court modifying the deadline.

Federal Rule of Civil Procedure 16 provides that "[a] schedule may be modified *only for good cause and with the judge's consent*."[10] To establish good cause for modifying a scheduling order, "the moving party must show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[11] Mr. Coyle has not made a motion nor has he explained how he has been diligent in attempting to meet the dispositive

---

[6] Motion at 2, n. 2 (citing Scheduling Order, docket no. 112, entered Mar. 28, 2016).

[7] Motion at 2, n. 2.

[8] Reply at 7.

[9] *Id.*

[10] Fed. R. Civ. P. 16(b)(4) (emphasis added).

[11] *Lehman Brothers Holdings v. Security National Mortgage Company*, No. 2:11-cv-00519-TS, 2016 WL 6892471, at *1 (D. Utah Nov. 22, 2016) (citing *Strope v. Collins*, 315 Fed. App'x 57, 61 (10th Cir. 2009) (unpublished)).

motion deadline. The only explanation about the delay is that the parties stipulated to extend fact discovery. But a stipulation to extend *fact discovery* does not automatically extend the *dispositive motion deadline*.[12] Those are two different deadlines in the scheduling order. Further, as Plaintiffs point out,[13] the most recent information used in the Motion is from May 2016 and there is no explanation why Mr. Coyle's Motion was filed six months after that date.

Mr. Coyle also has not sought "the judge's consent"[14] by filing a motion to extend the dispositive motion deadline or a motion for leave to file the Motion past the deadline. Mr. Coyle says he filed late because "[i]n May 2016, the Court modified the Scheduling Order to extend expert discovery deadlines into August, even though the Scheduling Order also had trial set to begin on August 15, 2016."[15] But the dispositive motion deadline was never modified. Also, Mr. Coyle is incorrect that the trial was set to begin on August 15, 2016. The May 20, 2016 Notice from the court vacated the dates for the final pre-trial conference and trial.[16]

- Mr. Coyle points to no authority that allowed him to file the Motion nearly eight months after the dispositive motion deadline.
- Other deadlines were extended, but the dispositive motion deadline never was.
- Mr. Coyle never filed a motion to extend the dispositive motion deadline or sought leave to file the Motion past the deadline.
- Even after the Opposition was filed, which plainly opposed Mr. Coyle's Motion on the basis of timeliness, Mr. Coyle did not move to modify the dispositive motion deadline.

---

[12] *See* Opposition at 8 (arguing that Plaintiffs did not consent to extension of the dispositive motion deadline).

[13] *Id.* at 8-9.

[14] Fed. R. Civ. P. 16(b)(4).

[15] Reply at 7-8.

[16] Notice Vacating Final Pre-Trial Conference and 10-day Jury Trial, entered May 20, 2016 (no docket number assigned).

Accordingly, Mr. Coyle has failed to establish "good cause" under Rule 16. Additionally, Rule 6(b) does not apply because the deadline has already expired[17] and Mr. Coyle never filed a motion to extend the deadline.[18]

Mr. Coyle argues that the late filing of the Motion does not prejudice the parties and should be allowed.[19] But Mr. Coyle cites no authority. Instead, he states incorrectly that a motion for judgment on the pleadings will be briefed on the same schedule as the Motion.[20] Mr. Coyle provides no citation to the motion for judgment on the pleadings to which he refers and a review of the docket shows that no other motion is currently pending.[21]

Generally, motions should be resolved on their merits. But here, the Motion cannot be considered on its merits because Mr. Coyle does not establish good cause and has not filed a motion seeking modification of the dispositive motion deadline.

---

[17] Fed. R. Civ. P. 6(b)(1)(A).

[18] Fed. R. Civ. P. 6(b)(1)(B).

[19] Reply at 7-8.

[20] *Id.*

[21] Motions for judgment on the pleadings (docket nos. 19-21) were resolved in February 2015.

**ORDER**

IT IS HEREBY ORDERED that the Motion[22] is DENIED as untimely.

IT IS FURTHER ORDERED that because the May 20, 2016 Notice explained that the final pre-trial conference and trial dates would be "rescheduled after resolution of the pending motions;" because those motions have been resolved; and because all other deadlines in the Scheduling Order[23] have passed,[24] a trial order will issue with new trial related deadlines.

Dated April 12, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[22] Defendant John Coyle's Motion for Partial Summary Judgment ("Motion"), docket no. 180, filed Nov. 11, 2016.

[23] Scheduling Order, docket no. 112, entered Mar. 28, 2016.

[24] Two orders modified the dates in the Scheduling Order. First, the May 20, 2016 Notice vacated the final pre-trial and trial dates. Second, the Order Granting Unopposed Motion to Modify Scheduling Order, docket no. 135, entered May 31, 2016 moved the deadline for taking expert depositions to August 1, 2016 and the deadline for filing motions to exclude expert testimony to August 22, 2016.